USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/9/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

J&J EMPIRE EXPRESS, INC. d/b/a JEE,

    Plaintiff,

-against-

FEDEX GROUND PACKAGE SYSTEM, INC., i/p/a FED EX GROUND PACKAGE SYSTEM, INC.

    Defendant.

1:24-cv-01200-MKV

**ORDER DENYING PETITION TO VACATE ARBITRATION AWARD AND ORDER CONFIRMING ARBITRATION AWARD**

---

MARY KAY VYSKOCIL, United States District Judge:

    Plaintiff commenced this case by filing a petition to vacate an arbitration award issued against Plaintiff J&J Empire Express, Inc. ("J&J EE") in the Supreme Court of New York, New York County. ("Pl. Petition" [ECF No. 1-1]). Defendant FedEx Ground Package System, Inc. ("FedEx Ground") removed the case to this Court pursuant to 28 U.S.C. § 1331. [ECF No. 1]. Subsequently, FedEx Ground submitted a memorandum of law in opposition of the petition to vacate and requesting confirmation of the award. ("Def. Opp." [ECF No. 7]). J&J EE submitted a memorandum of law in further support. ("Pl. Reply" [ECF No. 8]).

    For the reasons explained below, the petition to vacate the arbitration award is DENIED and the arbitration award is CONFIRMED.

## BACKGROUND

    FedEx Ground contracted with J&J EE to provide services to customers pursuant to an Independent Service Provider Agreement ("ISPA"). Def. Opp. at 5. J&J EE contends that FedEx Ground breached the ISPA when it (1) terminated the contractual relationship with J&J EE and (2) prevented J&J EE from assigning its rights. ("Final Arb. Award" at 2 [ECF No. 7, Ex. A]).

    As required by the ISPA, J&J EE filed a Commercial Demand for Arbitration through the American Arbitration Association against FedEx Ground alleging breach of contract. Final Arb.

1

Award at 1. The two issues to be decided at arbitration were: (1) whether FedEx Ground wrongfully and unreasonably denied J&J EE's contractual right to assign its interest and (2) whether FedEx Ground breached the ISPA when it terminated J&J EE. Final Arb. Award at 2; *see also* Pl. Petition ¶ 7; Def. Opp. at 6. FedEx Ground filed its answer and discovery was conducted, Def. Opp. at 6, and after the matter was arbitrated for four days before Arbitrator Echevarria. Def. Opp. at 6. Subsequently, the parties submitted Post Hearing Submissions and presented closing statements. Def. Opp. at 6.

Arbitrator Echevarria issued the Award in favor of FedEx Ground concluding, "upon consideration of the documented evidence, the recorded testimony, and the applicable law" that FedEx Ground did not breach any duty under the ISPA. Final Arb. Award at 11; *see also* Pl. Petition ¶ 8; Def. Opp. at 6–7. First, the arbitrator concluded that J&J EE "failed to carry its burden of proof in showing that FedEx breached its contractual duty when it exercised the termination provisions of the ISPA." Final Arb. Award at 6. Second, the arbitrator concluded that "any loss suffered by [J&J EE] was due to a lack of urgency and a failure to manage [J&J EE's] assignment rights within the six months that were allocated" and that FedEx Ground did not have "a duty to extend this right to 52 weeks." Final Arb. Award at 10.

Thereafter, J&J EE filed a petition in the Supreme Court of New York, New York County seeking to vacate the final arbitration award. Pl. Petition at 1. FedEx Ground timely removed the action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1331, [ECF No. 1], and submitted a memorandum of law in opposition to the Petition to vacate the arbitration award. Def. Opp. J&J EE submitted a Reply. Pl. Reply.

## LEGAL STANDARD

The role of a district court in reviewing an arbitration award is "narrowly limited" and "arbitration panel determinations are generally accorded great deference under the [FAA]." *Kolel*

*Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 103 (2d Cir. 2013). Effectively, the FAA creates a "strong presumption in favor of enforcing arbitration awards." *EB Safe, LLC v. Hurley*, 832 F. App'x 705, 707 (2d Cir. 2020). Therefore, a moving party must meet the "high burden of proof necessary to vacate an arbitration award. *Kolel*, 729 F.3d at 102; *see also Tully Constr. Co. v. Canam Steel Corp.*, 684 F. App'x 24, 26 (2d Cir. 2017).

The Second Circuit has recognized that "only a very narrow set of circumstances delineated by statute and case law permit vacatur." *Tully Constr. Co.*, 684 F. App'x at 26 (quoting *Porzig v. Dresdner, Kleinwort, Benson*, N.A. LLC, 497 F.3d 133, 138 (2d Cir. 2007)) (internal quotations omitted); *see also Spliethoff Transp. B.V. v. Phyto-Charter Inc.*, No. 23-CV-7308, 2024 WL 5165511, at *1 (2d Cir. Dec. 19, 2024) (summary order). In particular, the FAA provides four statutory grounds upon which a federal court may vacate an arbitral award:

> (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

In addition to the express statutory grounds found in Section 10(a) of the FAA, the Second Circuit has recognized a basis for vacatur of an arbitration award where an arbitrator's award is in "manifest disregard" of the applicable law. *See e.g., Jefferies LLC v. Gegenheimer*, 849 F. App'x 16, 17 (2d Cir. 2021). It is well-established that the "manifest disregard" doctrine is one of "last resort" and is limited "only to those exceedingly rare instances where some egregious impropriety on the part of the arbitrator is apparent." *Id.* at 17 (quoting *Duferco Int'l Steel Trading v. T.*

3

*Klaveness Shipping A/S*, 333 F.3d 383, 389 (2d Cir. 2003)). In fact, "[g]iven the deference afforded arbitration decisions," a party seeking to vacate an award based on manifest disregard must show "more than a mistake of law or a clear error in fact finding." *EB Safe, LLC v. Hurley*, 832 F. App'x 705, 707 (2d Cir. 2020).

## DISCUSSION

J&J EE does not invoke any statutory basis for vacatur. Rather, J&J EE argues only that the Final Arbitration Award should be vacated on the grounds that it is "irrational and in manifest disregard of the law." Pl. Petition ¶ 9.

As explained above, the Second Circuit has recognized an implied basis for vacatur when there is a "manifest disregard" of the applicable law. *See e.g., Jefferies LLC*, 849 F. App'x at 17. However, a reviewing court should resort to this doctrine only in the "exceedingly rare instances where some 'egregious impropriety on the part of the arbitrators is apparent.' " *Id.* (quoting *Duferco*, 333 F.3d at 389). An arbitral award may be vacated for manifest disregard of the law "only if a reviewing court finds both that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case." *Wallace v. Buttar*, 378 F.3d 182, 189 (2d Cir. 2004). Furthermore, demonstrating that the arbitrator "made the wrong call on the law" does not amount manifest disregard. *Id*. at 190; *see also EB Safe*, 832 F. App'x at 707 (stating that mere "mistake of law or a clear error in fact finding" is insufficient to vacate an arbitration award). Therefore, a district court reviewing an arbitration award should decline to vacate an award "despite a court's disagreement with it on the merits," as long as "there is a barely colorable justification for the outcome reached." *Banco de Seguros del Estado v. Mut. Marine Off., Inc.*, 344 F.3d 255, 260 (2d Cir. 2003) (internal quotation marks omitted).

4

J&J EE alleges that the arbitrator "wrongfully concluded, in light of the overwhelming law, that FedEx was not in breach and was right in denying [J&J EE] the right to assign its valuable asset." Pl. Petition ¶ 8. J&J EE proceeds to list eight bullet points of "undisputed facts" the arbitrator allegedly ignored in making the final arbitration award. Pl. Petition ¶ 8; Pl. Reply at 2–3. These arguments are insufficient to grant vacatur because they are all based on J&J EE's disagreement with the arbitrator's conclusions after weighing the facts and evidence presented, not based on the arbitrator purposefully ignoring a well-defined, clearly applicable law. *See Wallace*, 378 F.3d at 193 (concluding, "the Second Circuit does not recognize manifest disregard of the evidence as proper ground for vacating an arbitrator's award"). The arbitrator's final award clearly demonstrates that Pennsylvania's breach of contract law was applied as required by the ISPA. Final Arb. Award at 2. The issues J&J EE raises in its Petition are not with the arbitrator ignoring the law, but with the arbitrator's ultimate decision after employing the applicable law. That is an insufficient basis to support vacatur.

Further, even if J&J EE highlighted potential "clear error[s] in fact finding," if the reviewing court finds there is "a barely colorable justification for the outcome reached" by the arbitrator the award must be enforced. *EB Safe*, 832 F. App'x at 707. Here, in light of the evidence and the arbitrator's reasoning provided in the final arbitration award, the Court finds more than "a barley colorable justification" for the final award. *See generally* Final Arb. Award. Therefore, J&J EE has failed to meet its "heavy burden of showing" that the arbitration award "falls within [the] very narrow set of circumstances" to justify vacatur. *Wallace*, 378 F.3d at 189 (quoting *Duferco*, 333 F.3d at 388). J&J EE's petition to vacate the final arbitration award is denied.

In addition to FedEx Ground's request that the Court deny J&J EE's petition to vacate, it also requests that the Court enter an Order confirming the award in favor of FedEx Ground. Def.

Opp. at 12. The Court in reviewing a petition to vacate a final arbitration award may *sua sponte* confirm the arbitration award. *See Sanluis Devs., L.L.C. v CCP Sanluis, L.L.C.*, 556 F Supp 2d 329, 332–33 (S.D.N.Y. 2008) (explaining that "[w]hen a party moves to dismiss a motion to vacate an arbitration award, the court may, *sua sponte*, treat the motion to dismiss as a motion to confirm the award"); *see also Thyssen, Inc. v. M/V Markos N*, 97-CV-6181, 2001 U.S. Dist. LEXIS 11560, at *1 (S.D.N.Y. 2001). Having found the petition to vacate to be without merit, the Court confirms the final arbitration award issued on October 30, 2023 in favor of FedEx Ground.

## CONCLUSION

For the reasons discuss above, the petition to vacate the arbitration award is DENIED and the arbitration award is CONFIRMED. The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

Date:  **April 9, 2025**
       **New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**